(No. 97-CC-2197–▮▮▮)

EDDIE LEE ROGERS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed May 9, 2000.*

EDDIE LEE ROGERS, *pro se*.

JIM E. RYAN, Attorney General (DONALD C. MCLAUGHLIN, JR., Assistant Attorney General, of counsel), for Respondent.

## ORDER

EPSTEIN, J.

Claimant, Eddie Lee Rogers, an inmate of the Illinois Department of Corrections (IDOC), brought this claim seeking an award of $892.52 in damages for a television set valued at $262.52, a check for $130 for repairs and transportation, and $500 in damages for pain and suffering due to the loss of such television. This case is before us for final decision after trial before our Commissioner, LeRoy F. Ufkes, and is now before us on the complaint of Eddie Lee Rogers, the trial record, and the Commissioner's recommendation.

The Claimant testified that on March 16, 1996, while at the Stateville Correctional Center (Stateville), certain stations on his television set were not operating effectively. Claimant took his television to the personal property repair department but they were unable to fix it. Claimant further testified that the repair department advised him to have the television set transported to Video Basics by them and secured a check from him in the amount of $130 for the repair and transportation. However, they sent the television set to P. D. Video, a companion company owned by a husband and wife, which apparently went defunct. Claimant testified that he purchased the television set along with other personal property for $262.52 in 1986.

At trial, the Respondent produced no evidence and furnished no brief to explain the disappearance of Claimant's property.

This is an unusual property loss case against IDOC; indeed, this is an unusual television loss case. In the garden-variety claims of lost property, particularly televisions, within IDOC facilities or within the IDOC system,

it is usually a question of whether or not a bailment was created—i.e., whether the claimant's property was remitted to the exclusive control of IDOC in a bailment—that is disputed as the first issue. In this case, there is no real dispute of the creation of a bailment, which plainly occurred. However, there appears to be no violation of the bailment in this case. The bailment here was temporary, and was solely for the purpose of delivering the Claimant's television to a local repair shop. So this case cannot be decided on the basis of a bailment liability.

Here, the issue is one of simple negligence, which requires a 3-step analysis: (1) Did the Stateville IDOC staff deliver the television to the wrong recipient—i.e., a repair shop that was unauthorized by the Claimant? (2) If so, was that a negligent act, i.e., did IDOC breach its duty of reasonable care of Claimant's property in delivering the TV to a different repair shop? (3) If so, was that delivery to the wrong shop the proximate cause of Claimant's loss of the TV?

Then, of course, if liability is established, there is the issue—arising under the requirement of section 25 of the Court of Claims Act (705 ILCS 505/25) and this Court's implementing rules—of whether or not the Claimant has shown that he exhausted his potential remedies (i.e., his rights to payment for the lost TV and/or his lost repair payment) against the repair shop or its owner, who are the ultimate cause of the Claimant's loss in this case.

After a full review of this record, we are constrained to find that this claim founders—and clearly founders— on all of the elements, as well as the exhaustion requirement, for want of proof:

(a) It is not clear that the recipient shop, P. D. Video, was a "wrong" or even unauthorized choice; the record reflects that it was a "companion" facility owned by the same

owners as Video Basics, the selected store. This may or may not have been a truly separate business, and if it was not, then there is no issue. Claimant has simply not shown that the two are different.

(b) Claimant has not shown that IDOC was negligent in delivering the TV to P. D. Video. The original selection of Video Basis was recommended by the Correctional Center's repair shop staff (and it is not clear if it were IDOC staff or inmates who made the recommendation of a local repair shop) and was approved or adopted by the Claimant. There is no showing that the IDOC staff knew, or should have known, that P. D. Video was a bad choice or even that it was a genuinely different operation than Video Basics, or that there was anything to be known that might have suggested avoiding that repair facility. There is certainly no evidence in this record that IDOC staff had any reason to expect that business to close down and default on its repair obligations.

(c) It is not shown that the choice of P. D. Video over Video Basics was the cause, or even a cause, of the Claimant's losses. There is a suggestion in this record that both businesses had financial difficulties and may have closed. If so, there is no basis to find that the "wrong" choice of the one over the other had any effect on the result to Claimant's TV and money. If not, we still do not have a basis here to say that the loss would not have occurred if the set and money had been delivered to the other facility. Claimant has just not provided a basis on which we might find proximate causation in this case.

Finally, although it seems obvious—and Claimant maintains—that the ultimate cause of his losses was the fault of P. D. Video and/or its owner(s) who were the ones who got his money and television and returned neither, there is not a hint in this record that the Claimant pursued

any claim against them. Certainly he did not file suit against them, which would seem to be the minimum required to exhaust his remedies. Nor do we find in this record any obvious justification for not pursuing P. D. Video, such as bankruptcy by it, or some other reason that it would have been futile to pursue it for damages—or merely to regain possession of the TV (the disposition of which remains a mystery here).

Claimant has not proven a claim against IDOC for loss of his TV and repair money, which were lost due to someone else's violation of their duty to him (i.e., their duty to repair and return his television). He has not shown why the liability of the repair shop and its owners was not pursued or was not pursuable. This is unfortunate, as it seems clear that this Claimant was not at all at fault here. This inmate was an innocent party in this affair, but he cannot foist his loss onto IDOC without evidence, which is here lacking.

Accordingly, we must and will deny this claim for want of proof. Wherefore, it is hereby ordered this claim is denied and forever barred.